Matthias, J.
The sole question presented in this case is whether appellees’ unemployment arose as a result of a labor dispute at the “factory, establishment or other premises” at which they were employed.
The disposition of this question requires an application of the provisions of Section 1345-6, G-eneral Code (now Section 4141.29 (D), Revised Code, without substantial change), which read in part as follows:
“d. Notwithstanding the provisions of subsection (a) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual :
“(1) lost his employment or has left his employment by reason of a labor dispute (other than a lockout) at the factory, establishment, or other premises at which he was employed, as long as such labor dispute continues.”
*275 As may be seen from an examination of this section, two conditions must exist to bar participation in the fund by an employee. First, his unemployment must result from a work stoppage due to a labor dispute. Second, such labor dispute must occur at the factory, establishment or other premises where he is employed.
There is no contention that the appellees in the instant case were on strike or that a labor dispute existed at the plant where they were employed, it being clear that such unemployment resulted directly from a labor dispute at another of appellant’s plants in a different state where the employees were on strike. The strike at such out-of-state plant decreased the demand for the parts manufactured at the plant where appellees were employed, thus occasioning their layoff. If the sole criterion for nonpayment of benefits was the existence of a labor dispute, appellees would be barred. However, a second condition is imposed by the statute, the labor dispute must be at the “factory, establishment or other premises” where the individual was employed. It is this condition which gives rise to the present case.
It is appellant’s contention that, even though there was no dispute at the actual plant where appellees were employed, the Ford Motor Company is an integrated unit which constitutes an “establishment” within the meaning of the act, and thus a dispute in any division of Ford’s wide-flung empire constitutes a dispute at the establishment wherein appellees were employed.
This question requires an interpretation of the meaning of the word, “establishment,” in conjunction with this act. The act itself does not define the term, so that a court, in applying such section, must give the word its ordinary and natural meaning unless a contrary intention is evidenced by the act. No such intention appears. The act is clear on its face, leaving no room for statutory construction.
The word, “establishment,” has a clear and natural meaning as a distinct physical place of business. In other words, “establishment” as used in this act connotes a place of employment. The fact that, as here, an employer conducts a highly *276 integrated business composed of individual units spread over many, states with the operation of each unit interdependent on the operation of the other units does not constitute such business an “establishment” within the meaning of this act.
To hold as urged by appellant would render superfluous the use by the General Assembly of the words, ‘ ‘ factory and other premises, ’ ’ in conjunction with ‘ ‘ establishment, ’ ’ since the word, “establishment,” itself would include factories and other premises. General Motors Corp. v. Mulquin, 134 Conn., 118, 55 A. (2d), 732.
Many courts have considered the meaning of the word, “establishment,” in relation to unemployment compensation acts similar to ours, where the employer, in many instances the Ford Motor Company itself, has urged the same arguments presented here. Almost unanimously the courts have found arguments such as appellant’s not well taken. They have imparted to the word, “establishment,” the same connotation adopted by us. Pointing out the purpose and meaning of this word, the court in Ford Motor Co. v. Director of Division of Employment Security, 326 Mass., 757, 761, 96 N. E. (2d), 859, stated:
“A ‘factory’ has been defined as a building or group of buildings, usually in the same immediate neighborhood, devoted to the manufacture of articles or commodities. * * * But, here again, the word ‘establishment,’ as normally used in business and in government, means a distinct physical place of business. * * * The statute, accordingly, impresses us as laying stress upon geographical location rather than upon a combination of widely scattered plants used for the business operations of one employer. We cannot read into Section 25 any provision as to functional integration. If we could, we would not understand on what ground its scope could be restricted to plants used for the business operations of only one employer. The employer’s argument rests upon a construction of ‘establishment’ which is so broad as to devour entirely, and leave no additional scope for the words ‘factory * * * or other premises.’ We think that ‘establishment’ is meant to embrace premises, not aptly described as a factory, where labor is performed— and without attempting to name them all — such as stores, banks, *277 theatres and other places of amusement, laundries, garages, hotels, restaurants, office buildings, shipyards, newspaper and printing offices, insurance buildings, express and transportation buildings, repair shops, telephone and telegraph offices, and barber and hairdressing shops.” See, also, Walgreen Co. v. Murphy, Dir., 386 Ill., 32, 53 N. E. (2d), 390; Ford Motor Co. v. Unemployment Compensation Comm., 191 Va., 812, 63 S. E. (2d), 28; General Motors Corp. v. Mulquin, supra (134 Conn., 118); and Ford Motor Co. v. New Jersey Department of Labor and Industry, 5 N. J., 494, 76 A. (2d), 256.
In view of the excellent and exhaustive discussion of this case in the opinion of the Court of Appeals, any further discussion of this matter is unnecessary, and the judgment of the Court of Appeals is, therefore, affirmed.

Judgments affirmed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.